IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-155-KS

| | |
|---|---|
| GILBERT DONAIL MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ANDREW SAUL, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Gilbert Donail Moore ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits ("DIB"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings [DE #14], denies Defendant's Motion for Judgment on the Pleadings [DE #17], and remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for DIB on September 30, 2016, with an alleged onset date of May 21, 2015. (R. 16, 203–09.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 76, 89–90, 112–13.) A hearing was held on August 24, 2018, before Administrative Law Judge ("ALJ") Mark C. Ziercher, who issued an unfavorable ruling on December 4, 2018. (R. 13–64.) On September 4, 2019, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On October 28, 2019, Plaintiff filed the instant civil action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court

should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's]

3

vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015).

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found Plaintiff meets the insured status requirements of the Act through June 30, 2021. (R. 18.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since May 21, 2015, the alleged onset date. (*Id.*) Next, the ALJ determined Plaintiff had the following severe impairments: "history of thoracic spine compression fractures, mild lumbar degenerative disc disease, and mild single level cervical degenerative disc disease." (*Id.*) The ALJ found Plaintiff's visual disturbance to be a non-severe impairment. (*Id.*)

At step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 19.) The ALJ expressly considered Listings 1.02 and 1.04. (*Id.*)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had "the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except regarding the neck, he can perform extension and rotation frequently." (R. 19.) In making this

4

assessment, the ALJ found Plaintiff's statements about his functional limitations "not fully consistent with the evidence." (R. 21.) At step four, the ALJ concluded that Plaintiff is able to perform past relevant work as a Printer Operator (DOT # 976.362-010) "as it is described in the Dictionary of Occupational Titles" and, alternatively, that Plaintiff is capable of performing other work as a Transfer Operator (DOT # 651.382-038) using skills transferrable from his past relevant work (R. 24.) The ALJ concluded that Plaintiff has not been disabled under the Act since May 21, 2015, Plaintiff's alleged onset date, through the date of the ALJ's decision. (R. 26.)

IV. **Plaintiff's Arguments**

Plaintiff contends ALJ Ziercher erred in finding that Plaintiff can perform his past relevant work at the medium exertional level because the RFC does not appropriately account for Plaintiff's back and vision problems. (Pl.'s Mem. Supp. Mot. J. Pldgs. [DE #15] at 3.) More specifically, Plaintiff contends the ALJ failed to explain the weight assigned to the opinions of consultative examiner Dr. Atul Goel, M.D., which appear to assess functional limitations more closely reflective of work at the light exertional level, and failed to consider Plaintiff's visual impairment in determining both Plaintiff's RFC and the transferability of skills from past work to work as a Transfer Operator. (*Id.* at 3–5.) In contrast, the Commissioner contends ALJ Ziercher properly evaluated Dr. Goel's opinions and substantial evidence supports the ALJ's findings regarding Plaintiff's vision. (Def.'s Mem. Supp. Mot. J. Pldgs. [DE #18] at 12, 15–17.) For the reasons explained below, the court agrees with

Plaintiff regarding the evaluation of Dr. Goel's opinions and, therefore, remands the case to the Commissioner.

### A. RFC and Dr. Goel's Opinions

The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 404.1545(a)(1). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96–8p, 1996 WL 374184, at *1. In determining the RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory, and other requirements of work. 20 C.F.R. § 404.1545(a)(4). It is based upon all relevant evidence, which may include the claimant's own description of limitations from alleged symptoms. SSR 96–8p, 1996 WL 374184, at *5; 20 C.F.R. § 404.1545(a)(3). If necessary, an ALJ must "explain how any material inconsistences or ambiguities in the evidence were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7.

An ALJ must "include a narrative discussion describing how the evidence supports each conclusion" in the RFC. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Mascio*, 780 F.3d at 636). The ALJ must specifically explain how certain pieces of evidence support particular conclusions and "discuss[ ] . . . which evidence the ALJ found credible and why." *Monroe*, 826 F.3d at 189 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The Fourth Circuit has interpreted this to require an ALJ to "build an accurate and logical bridge from the evidence to his

6

conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion . . . . [M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). Simply put, this means an ALJ must "[s]how [his] work." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017) (applying same principle to an ALJ's listing analysis). Such analysis—"[h]armonizing conflicting evidence and bolstering inconclusive findings," *Patterson*, 846 F.3d at 662—is a "necessary predicate" to determining whether substantial evidence supports the Commissioner's findings, *Monroe*, 826 F.3d at 189 (quoting *Radford*, 734 F.3d at 295).

"When evaluating conflicting medical opinion evidence, an ALJ generally must accord more weight to the medical opinion of an examining source than to that of a non-examining source." *Testamark v. Berryhill*, 873 F. App'x 395, 397 (4th Cir. 2018) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *Brown v. Comm'r of Sec. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017)).[1]

Here, Plaintiff underwent a physical consultative examination with Dr. Atul Goel, M.D., a state agency examiner. (R. 22, 344–47.) Based upon his examination and clinical observations, Dr. Goel opined that Plaintiff

---

[1] Plaintiff filed his claim before March 27, 2017, so the regulations in 20 C.F.R. § 404.1527 apply to his claim. *See Testamark*, 736 F. App'x at 397 n.1.

7

> would have difficulty with doing heavy lifting. He would have difficulty with stooping, bending and crouching. He will probably have difficulty doing prolonged standing or walking as a result of his significant back pain.

(R. 346.) Dr. Goel's opinions appear inconsistent with medium-level work, which, among other things, "usually requires frequent bending-stooping" and "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." SSR 83–10, 1983 WL 31251, at *6 (Jan. 1, 1983).

ALJ Ziercher summarized Dr. Goel's findings and opinions, but limited his analysis to the statement that "the limited[] record shows [Plaintiff] cannot perform 'heavy' lifting, but [Dr. Goel] appears to have relied more on pain than the clinical observations." (R. 23.) ALJ Ziercher did not explain how much weight he assigned to Dr. Goel's opinions, nor did he reconcile the apparent inconsistency between the medium-level RFC he assessed and the medical opinions of consultative examiner Dr. Goel. (*See id.*) ALJ Ziercher adopted the medium exertional level assessed by non-examining state agency consultants on the Reconsideration and Informal Reconsideration level and went so far as to state that "[t]he record, and the medical evidence in particular, shows that [Plaintiff] has no postural, manipulative, visual, communicative, environmental, or psychological limitations that would significantly affect his performance of basic work activities on a sustained basis." (R. 23–24.) The latter statement appears inconsistent with ALJ Ziercher's step-two finding that Plaintiff has multiple severe impairments of the spine (R. 18 (citing 20 C.F.R. § 404.1520(c) and SSR 85–28, 1985 WL 56856 (Jan. 1, 1985)) and with the neck

limitation in the RFC assessment (R. 19). *See Ware v. Berryhill*, No. 5:15-CV-614-D, 2017 WL 1013123, at *3 (E.D.N.C. Feb. 7, 2017) ("A 'severe' impairment within the meaning of the regulations is one that 'significantly limits . . . [a claimant's] physical or mental ability to do basic work activities.'" (quoting 20 C.F.R. §§ 404.1520(c), 416.920(c)) (alteration in original)), *mem. and recommendation adopted*, No. 5:15-CV-614-D, 2017 WL 1013000 (E.D.N.C. Mar. 14, 2017).

Additionally, as in *Arakas v. Comm'r of Soc. Sec. Admin.*, ___ F.3d ___, 2020 WL 7331494 (4th Cir. 2020), the ALJ's decision "to assign greater weight to the non-examining, non-treating consultant['s] opinion than to [Dr. Goel's] makes little sense." *Arakas*, 2020 WL 7331494, at *20. "Under [20 C.F.R. § 404.1527(c)], greater weight is generally accorded to the medical opinion of a source who has examined the claimant; a source who has treated the claimant; and a specialist in the relevant area of medicine." *Id.* Absent articulation of some reason to vary from that regulation, it was error for ALJ Ziercher to reject the medical opinion of an examining source and adopt the opinions of non-examining state agency consultants.

Despite being aware of the requirement to "form a logical bridge between the record and the residual functional capacity" (R. 23), the ALJ failed to do this. *See Monroe*, 826 F.3d at 189. Because the record contains inconsistencies regarding Plaintiff's ability to perform work at the medium exertional level, which bear directly on the ALJ's finding that Plaintiff can perform his past relevant work, the court remands the case to the Commissioner for reevaulation of the medical opinions and Plaintiff's RFC.

## B. Vision Problems and Transferability of Skills

Plaintiff also contends the ALJ erred in his consideration of evidence of Plaintiff's visual impairment. For the reasons set forth above, the court is remanding this matter for further consideration of the medical opinions and Plaintiff's RFC. As evidence of Plaintiff's visual impairment may receive different consideration on remand, the court declines to reach this assignment of error.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #14] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #17] is DENIED, and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 12th day of January 2021.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge